UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-22580-Civ-COOKE/TURNOFF

ALBERT O. BENKERT,
individually and on behalf
of all others similarly situated,

    Plaintiff
vs.

CAPITAL ONE BANK (USA), N.A.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

THIS MATTER is before me on Plaintiff's Motion for Remand. ECF No. 15. I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons provided below, the Motion to Remand is granted.

### I. BACKGROUND

On June 14, 2012, Plaintiff, Albert O. Benkert, filed a putative class action against Defendant, Capital One Bank USA, N.A., in the Circuit Court of the Eleventh Judicial Circuit in and for Miami County, Florida. *See* Compl. 1-10, ECF No. 1-2. On June 15, 2012, Plaintiff served Defendant with the Complaint and Summons. *See* Notice of Removal 2, ECF No. 1. On July 13, 2012, Defendant removed the action to this Court asserting subject-matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

Plaintiff moves to remand the case to state court alleging that Defendant failed to satisfy the requirements for removal pursuant to CAFA. Pl.'s Mot. for Remand 1-9. Specifically, Plaintiff argues that Defendant failed to meet its burden to prove that there is a sufficient number of class members to satisfy the amount in controversy requirement of the CAFA. *See id.*

## II. LEGAL STANDARD

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (finding that CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction). Courts should strictly construe the requirements of removal statutes and remand all cases in which such jurisdiction is doubtful. *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). Moreover, removal statutes are construed narrowly and, when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Mann v. Unum Life Ins. Co. of Am.*, 12-16445, 2013 WL 335969, at *1 (11th Cir. Jan. 29, 2013) (citing *Miedema*, 450 F.3d at 1329)).

## III. ANALYSIS

Congress enacted CAFA "to address inequitable state court treatment of class actions and to put an end to certain abusive practices by plaintiffs' class counsel. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1193 (11th Cir. 2007). CAFA seeks to address these inequities and abusive practices by, among other things, broadening federal diversity jurisdiction over class actions with interstate implications. *Id.* CAFA gives the district courts subject matter jurisdiction to entertain a "mass action" removed from state court provided that at least four requirements are met. "These requirements are: (1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a

commonality requirement that the plaintiffs' claims involve common questions of law or fact." *Lowery*, 483 F.3d at 1202–03; *see* 28 U.S.C. § 1332(d)(11).

Plaintiff argues that the case should be remanded because the amount in controversy is less than $5 million. Pl.'s Mot. for Remand 4-9. The analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later. *See Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009); *see also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946 (11th Cir.2000) (holding that a court may consider evidence submitted after the removal petition is filed, "but only to establish the facts present at the time of removal"). Plaintiff's likelihood of success on the merits is irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much Plaintiff is ultimately likely to recover. *Pretka*, 608 F.3d at 751.

To determine whether the $5 million threshold is met, a court first examines whether "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema*, 450 F.3d at 1330. If the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a *preponderance of the evidence* that the amount in controversy exceeds the jurisdictional requirement. *See id.* If Plaintiff asserts a specific claim for less than the jurisdictional amount, a defendant must "prove to a legal certainty" that the plaintiff will not recover below the jurisdictional amount. *Lias v. Galbut*, 10-22699-CIV, 2011 WL 335346 (S.D. Fla. Jan. 31, 2011) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994)).

In this case, the parties disagree on "whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema*, 450 F.3d at 1330; *see also* Pl.'s Mot. for Remand 2-4 (arguing that the legal certainty burden of proof

applies); Resp. to Pl's Mot. for Remand (contending that the preponderance of evidence standard applies).  Plaintiff did not plead a specific amount of damages in the *ad damnum* clause but limited the amount of damages in his jurisdictional allegations by stating that "This is an action for damages in excess of $15,000.00 exclusive of interest and costs, but, upon present information and belief, less than $75.000 per individual claimant and less than $5,000,000 in the aggregate."  Compl. 2.  However, I do not need to reach the issue of whether a specific amount of damages is facially apparent from the Complaint because under both standards, *i.e.* the preponderance of evidence or the legal certainty, Defendant failed to meet its burden.

In support of its Notice of Removal, Defendant filed an affidavit of Kenric P. Chu, senior manager of process management in Defendant's Loss Mitigation Department.  Mr. Chu stated under penalty of perjury that, based on Defendant's records, Defendant "achieved right-party connected phone calls with more than thousand (10,000) persons who had both a Florida telephone number and a Florida mailing address."  Chu Aff. 2, ECF No. 1-3.  Mr. Chu further stated that "a right-party connection call occurs when a Defendant's representative speaks with either the primary account holder, a secondary account holder, or an authorized user of a Defendant's account."  *See id.*  Defendant then multiplied this number by the minimum statutory damages of $1,000 per claimant to arrive at a figure above $5,000,000.

This affidavit, however, does not help the court in determining that the amount in controversy exceeds the jurisdictional requirement.  Plaintiff has defined the class members as "all Florida consumers whose calls to and from the Defendant were recorded without their informed consent wherein at least one person to the recording was physically located within the state of Florida from June 13, 2010 until present."  Compl. 5.  The Chu Affidavit fails to establish how many persons received calls recorded without their consent.  Defendant argues the

4

amount in controversy should not be calculated based on the calls that Defendant recorded during the class period without the consent of its consumers but based on every call placed by Defendant to its Florida customers during that time because Plaintiff alleged that every call placed was recorded without the customers consent. Resp. to Mot. for Remand 8-9. To support its argument, Defendant relies on several allegations in the Complaint. *See id*. Defendant cites to paragraphs 3, 10, 21, and 39 for the proposition that Plaintiff has alleged that all collection calls were recorded without Defendant's customers consent. *See* Compl. §3; 10; 21; 39. Even if Defendant's characterization of the allegations was correct, these allegations limit the amount in controversy to *collection* calls, whereas the Affidavit refers to *all* calls. Finally, Defendant cites to a few other paragraphs, *i.e.* paragraphs 39, 40, and 4, in support of its argument that all calls were allegedly recorded without Defendant's customers' consent. *See* Compl. §39; 40; 45. These paragraphs refer to the class, so they limit the amount on controversy to calls to "all Florida consumers whose calls to and from the Defendant were recorded without their informed consent wherein at least one person to the recording was physically located within the state of Florida from June 13, 2010 until present." Accordingly, based on the record before me, it is impossible to determine or even estimate how many of the persons mentioned in the Chu Affidavit fall within the definition of the putative class, no matter how the class is defined, *i.e.* constituted of customers who received phone calls without their consent or of all customers who received collection calls. Defendant failed to meet its burden. I must resolve any doubt in favor of remand. *Miedema*, 450 F.3d at 1329. Accordingly, Plaintiff's Motion for Remand is granted.

### IV. CONCLUSION

For the reasons stated above, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiffs' Motion for Remand, ECF No. 15, is **GRANTED**.

2. This matter is therefore remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. The Clerk of Court is directed to **CLOSE** this case.

4. All pending motions not otherwise ruled upon are **DENIED AS MOOT**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 18th day of March 2013.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

60